**UNITED STATES of America, Appellee,**

v.

**Andrew HENSON, Jr., Appellant.**

**No. 90–2791.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1991.

Decided July 19, 1991.

Gerald W. Handley, Kansas City, Mo., for appellant.

Matt J. Whitworth, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, BOWMAN and LOKEN, Circuit Judges.

PER CURIAM.

Andrew Henson, Jr., appeals from his conviction, after a jury trial, of one count of maliciously damaging and destroying, by means of fire, a building used in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 844(i) (1988). We affirm.

The charge against Henson stemmed from a fire at a warehouse where Henson was employed, owned by the House of Lloyds, a business that sells toys and gift items through home parties. Henson argues the District Court[1] should have granted his motion for judgment of acquittal because the evidence was insufficient to prove that the fire was caused by arson or that the fire was set by him. In addition, Henson argues . that general references throughout the trial to his problems with security personnel at the House of Lloyds should have been excluded under Federal Rule of Evidence 404(b), as inadmissible evidence of character or other bad acts introduced for the purpose of showing criminal disposition.

■■■ "[A] motion for a judgment of acquittal should be denied when, after reviewing the evidence in the light most favorable to the government, there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may be introduced." *United States v. Rodriguez*, 812 F.2d 414, 416 (8th Cir.1987). "In reviewing the evidence the government is given the benefit of all inferences that may reasonably be drawn in its favor. Moreover, it is not essential for the prosecution to exclude every reasonable hypothesis [except] guilt...." *Id.* (citations omitted). The sufficiency of the evidence is gauged by whether a reasonable jury could conclude beyond a reasonable doubt that the essential elements of the crime, which can be proven by circumstantial as well as direct evidence, exist. *Id.; see also United States v. Netz*, 758 F.2d 1308, 1310 (8th Cir.1985) (motion for judgment of acquittal granted only where jury *must* have reasonable doubt).

■■■ We agree with the government that the testimony of Richard Lehmann and Agent True, who investigated the fire and who were both qualified as experts on the cause and origin of fires, provided sufficient evidence to show that the fire was incendiary in nature. Furthermore, there was an abundance of circumstantial evidence to show that Henson had a motive and opportunity to commit the crime. In addition, direct proof of Henson's guilt was offered through the testimony of Samuel Jordan, a coworker of Henson's. Viewed in the light most favorable to the government, a reasonable jury could have concluded from the evidence that Henson maliciously started the fire.

According to Fed.R.Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence may be admitted, however, "for other purposes, such as proof of motive ... [or] intent...." *Id.* This Court has stated that "Rule 404(b) is a rule of inclusion which permits [such] evidence ... relevant to an issue in the trial, unless the evidence tends only to prove criminal disposition." *United States v. Krapp*, 815 F.2d 1183, 1188 (8th Cir.), *cert. denied*, 484 U.S. 860, 108 S.Ct. 174, 98 L.Ed.2d 127 (1987). Thus, such evidence is admissible in the absence of a determination under Federal Rule of Evidence 403 that "its probative value is substantially outweighed by the danger of unfair prejudice...."

---

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

Here, Henson had made numerous threats in the month before the fire concerning his intention to "get even with" his employer's security personnel. This evidence was relevant to Henson's motive for starting the fire and thus admissible under Rule 404(b). To guard against unfair prejudice, the District Court limited the government to one question per witness concerning Henson's general problems with security. In these circumstances, we think it clear that the District Court correctly defined the "line between permissible evidence which is an inextricable part of a criminal transaction and unduly prejudicial evidence proscribed by [Rule] 403," *United States v. Bass*, 794 F.2d 1305, 1313 (8th Cir.), *cert. denied*, 479 U.S. 869, 107 S.Ct. 233, 93 L.Ed.2d 159 (1986).

Henson's conviction is affirmed.