# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1813

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Deon Harris, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   October 22, 2003

Filed:   December 12, 2003

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

A jury convicted Deon Harris of possessing controlled substances with intent to distribute. On appeal, Harris argues that the district court[1] erred by denying his motions for acquittal and new trial, miscalculating drug quantities, and enhancing his sentence for obstruction of justice. We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

## I.    BACKGROUND

Police officers executed a search warrant on the apartment Harris shared with his girlfriend, Jesse Paschal. When the officers arrived, Harris and Paschal were in the apartment. While searching Harris, the officers found two bags of heroin and over four thousand dollars. The officers also seized heroin from clothes they found on the floor.

The officers also found other drugs and paraphernalia in the apartment. In the kitchen, they found a small drug scale, small tin-foil squares, and Dorman sleeping pills.[2] While searching Paschal, they found several individually wrapped, yellow zip-lock baggies containing crack and one identical baggie containing heroin. The officers found similar baggies elsewhere in the apartment.

A grand jury indicted Harris on three counts for possession with intent to distribute. The first two counts involved the heroin found on Harris and in the pants. The third count involved the crack seized from Paschal's person.

At trial, Detective Fischer testified about a statement Harris made to him during an interview at the apartment.[3] According to Fischer, Harris told him that the substance the officers found on Harris was cocaine,[4] that Harris traveled to Chicago more than one hundred times to buy crack and cocaine, that he used most of the heroin he obtained, that he sold crack and heroin in the area, and that he cooked powder cocaine into crack before selling it.

---

[2]Trial testimony revealed that Dorman is a common cutting agent for heroin.

[3]Harris waived his Miranda rights before Fischer interviewed him.

[4]As noted above, the substance the officers found on Harris was heroin. The district court found that this mistake created a reasonable inference that Harris knew cocaine was present in the apartment.

The jury also listened to Fischer's and another witness's testimony. Harris admitted that, prior to his arrest, he had been involved with selling drugs, and had been convicted of other drug crimes, including one conviction for possession with intent to distribute. Also, one witness testified that she had previously purchased drugs from Paschal, and that during that transaction, Harris had given the drugs to Paschal.

The jury convicted Harris on all counts. The district court denied Harris's motions for acquittal and new trial. To calculate drug quantity, the court considered both the seized items and Fischer's testimony about the trips Harris said he made to Chicago. The district court also found that Harris perjured himself, and accordingly enhanced his sentence two levels for obstruction of justice.

## II.    DISCUSSION

Harris's first two issues challenge the government's evidence. First, he argues the trial court should have granted his motion for acquittal on all counts. Second, he argues the court should have at least granted his motion for new trial on count three.

A court must deny a motion for judgment of acquittal if, after reviewing the evidence in the light most favorable to the government, substantial evidence justifies an inference of guilt, even if contrary evidence exists. United States v. Henson, 939 F.2d 584, 585 (8th Cir. 1991). The district court's ruling is a question of law, which we review de novo. See United States v. Earles, 113 F.3d 796, 802 (8th Cir. 1997).

Substantial evidence supported the conviction on all counts. The search uncovered–and the government offered at trial–the following evidence: a drug scale, large amounts of money, individualized packages of crack and heroin, drug quantities indicative of distribution, additional packaging material, and a common heroin-

cutting agent. Further, although inadmissible for propensity purposes, defendant's prior drug-sale involvement and convictions were probative of his intent to distribute. See Fed. R. Evid. 404(b). Finally, two pieces of evidence linked Harris to the drugs Paschal held: first, Harris confused the substances on his person with those found on hers; and second, a witness testified about a previous drug sale, in which the witness saw Harris give drugs to Paschal before the witness bought drugs from Paschal. Because of that evidence and Fischer's testimony, the district court correctly denied the motion for acquittal.

For many of the same reasons, and for the additional reasons the district court stated, we also affirm the district court's denial of defendant's motion for new trial. See 8th Cir. R. 47B.

Harris's next issue involves the district court's drug-quantity calculation. Fischer testified that Harris told him that he had made one-hundred trips to Chicago, fifty times buying one-half ounce of crack, and fifty times buying one-half ounce of cocaine. The court multiplied fifty trips times one-half ounce, equaling twenty-five grams of crack and twenty-five grams of cocaine.

Harris challenges the calculation in two ways. First, he argues that the district court did not consider the possibility that Fischer's testimony was incorrect. And second, he argues that the court determined Fischer's testimony was credible before hearing all of Harris's sentencing evidence. We reject both arguments.

We reject the first argument because credibility issues are virtually unassailable on appeal, United States v. Luna, 265 F.3d 649, 652 (8th Cir. 2001), and during the sentencing hearing, the district court expressly found that Fischer accurately recounted Harris's statement: "The Court does accept the testimony of Detective Mark Fischer . . . and finds . . . his testimony credible as to *what information* was related

-4-

by Deon Harris to him about the frequency and the quantities of drugs brought from Chicago." Sentencing Transcript at 19-20 (emphasis added).

And we reject his second argument because the district judge evaluated Fischer's credibility after hearing all of the evidence. Harris complains of the following events. After hearing Fischer's testimony, but before Harris offered any sentencing evidence, the district judge stated that she accepted Fischer's testimony. But then the judge said "if you have anything else you want me to consider, I'm happy to consider that." Sentencing Transcript at 7. Harris's counsel responded "I intended to call Ms. Paschal as a witness." The record does not reflect whether the trial judge was notified that Harris planned to present evidence. But the record does show that, when Harris announced he had a witness, the judge allowed the witness, listened to the witness, and then disagreed with the witness. That sequence shows no error.

Finally, Harris argues that the district court erred when it enhanced his sentence for obstruction of justice. Specifically, he argues there were insufficient facts "to allow the district court to make a clear finding of perjury, and the court did not make those findings on the record." Appellant's Brief at 14.

If a defendant willfully obstructs or impedes the administration of justice during a prosecution, the district court can enhance his sentence by two levels. U.S. Sentencing Guidelines Manual § 3C1.1. Perjury at trial constitutes obstruction of justice. United States v. Molina, 172 F.3d 1048, 1058 (8th Cir. 1999); USSG § 3C1.1, comment. (n.4(b)). Whether the defendant committed perjury is a factual finding, which we review for clear error. Molina, 172 F.3d at 1058.

A defendant has a right to testify, but not to commit perjury. To ensure that the fear of enhancement does not impermissibly burden the right to testify, a district court must make a specific finding that the defendant committed perjury. See United States v. Dunnigan, 507 U.S. 87, 96-97 (1993). Stated differently, sentencing policy

supports rewarding cooperation and deterring obstruction, but it would tread too far onto the right to testify if courts enhanced the sentences of all testifying-but-guilty defendants. So the district court must make a specific perjury finding, and when making that finding, must view the defendant's testimony in the light most favorable to the defendant. See United States v. Cabbell, 35 F.3d 1255, 1261 (8th Cir. 1994). Given those standards, our review has two steps: first, did the district court specifically find the defendant committed perjury; and second, does the record support that finding?

The district court's finding was adequate. During sentencing, the court stated "The Court makes the specific finding that Deon Harris committed perjury by knowingly and intentionally testifying falsely as to material matters during the trial of this case." Sentencing Transcript at 22-23. The court then detailed the testimony it concluded was false.

Further, the record supports the perjury finding. A witness commits perjury if she intentionally testifies falsely about a material matter. United States v. Kessler, 321 F.3d 699, 703 (8th Cir. 2003). A jury's guilty verdict, alone, will not support a perjury finding against a testifying defendant. Id. But the record will support a perjury finding when the defendant's testimony conflicts with other evidence–including other witness testimony–and when the district court finds that the defendant lied during his testimony. See id.

Here, Harris testified and contradicted much of Fischer's testimony. Harris denied saying that the substance in his pocket was cocaine, denied ever selling drugs in the area, denied having any money seized from his person, denied knowing that Paschal had any drugs on her person, and denied both making the one-hundred trips to Chicago and telling Fischer that he made those trips. Harris's testimony conflicted with Fischer's. This conflict presented a credibility issue for the trial court. The court could have concluded that one witness was mistaken or had a faulty memory. But the

record also supported its conclusion that one of the witnesses–Harris–was lying. From this record, there is no clear error.

We encourage district courts to continue trying to achieve the proper balance between sentencing policy and the right to testify. While policy supports enhancing sentences for obstructing justice, we caution against upsetting the balance by routinely finding obstruction when a defendant loses a swearing battle with one government witness.

## III. CONCLUSION

We affirm.

_____