# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3050
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Robert L. Abbott, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 13, 2004

Filed:  May 5, 2004
_____

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and FAGG, Circuit Judges.
_____

PER CURIAM.

A jury convicted Robert L. Abbott of conspiracy to distribute five kilograms or more of cocaine and of aiding and abetting the distribution of five kilograms or more of cocaine.  After a hearing, the district court[*] sentenced Abbott to 360 months in prison.  Abbott appeals his conviction and sentence, and we affirm.

_____

[*]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Abbott first contends the district court committed error in denying his motion for judgment of acquittal because the evidence was insufficient to convict him of conspiracy to distribute cocaine. Viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences, we conclude a reasonable jury could find all the elements of the offense beyond a reasonable doubt. United States v. Nambo-Barajas, 338 F.3d 956, 960 (8th Cir. 2003). To convict Abbott of conspiracy to distribute cocaine, the government had to prove there was an agreement to distribute cocaine, Abbott knew of the agreement, and Abbott knowingly participated in the agreement. Id. at 960-61.

In this case, the evidence amply supports the conclusion that Abbott conspired with Juan Guevara to distribute more than five kilograms of cocaine. Government witnesses testified they bought cocaine directly and indirectly from Abbott and Guevara, saw Abbott weigh out cocaine for distribution, and saw Guevara bringing large amounts of cocaine to Abbott's house. Witnesses also stated Abbott and Geuvara traveled to Texas together to obtain better cocaine for their customers. They both tested the cocaine's quality and ordered one kilogram, then five kilograms from a Colombian source. The jury's decision to believe the witnesses' testimony is virtually unreviewable on appeal. United States v. Cuervo, 354 F.3d 969, 984 (8th Cir. 2004). Further, the witnesses' testimony was supported by exhibits of telephone, travel, and hotel records. Because a reasonable jury could conclude beyond a reasonable doubt that a conspiracy existed between Abbott and Guevara, the district court properly denied Abbott's motion for judgment of acquittal. Nambo-Barajas, 338 F.3d at 961.

Abbott next contends that in calculating the quantity of drugs attributable to him for the purpose of determining his base offense level, the district court erroneously found Abbott responsible for the distribution of fifty kilograms of cocaine sold to one of the witnesses by Guevara. See U.S.S.G. § 2D1.1(c) (drug quantity table). In the case of jointly undertaken criminal activity, a defendant is held

responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3. Thus, in a drug conspiracy, the district court may consider amounts from drug transactions in which the defendant was not directly involved if the transactions were part of the same course of conduct or scheme. United States v. Atkins, 250 F.3d 1203, 1212 (8th Cir. 2001). Here, the district court did not commit clear error in finding Guevara's sale of fifty kilograms of cocaine was in furtherance of the conspiracy and reasonably foreseeable to Abbott. See id. In addition to the general trial testimony about the connection between Guevara and Abbot and their joint drug activity, the purchaser testified he tested cocaine with Guevara outside Abbott's house, then twice bought cocaine from Guevara in the vicinity of Abbott's house.

Abbott also asserts the district court should not have increased his base offense level by three for being a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive. See U.S.S.G. § 3B1.1(b). A manager or supervisor need only have managed or supervised one other conspirator in a single transaction. United States v. Zimmer, 299 F.3d 710, 724 (8th Cir. 2002). The district court did not commit clear error in finding Abbott was a manager or supervisor of a drug conspiracy that involved at least five participants. See id. at 723. The evidence at trial showed there were five or more conspirators and Abbott acted in a managerial role by being one of the principal suppliers, deciding where cocaine sales would occur, directly supervising three men who recruited customers for him, and fronting cocaine to his larger customers.

Abbott last asserts the district court should not have increased his offense level by two for obstruction of justice under U.S.S.G. § 3C1.1. The obstruction of justice enhancement applies to a defendant who commits perjury. Id. n.4(b). Contrary to all of the government witnesses' testimony, Abbott testified at trial and denied he had any involvement in distributing drugs with the witnesses. Given the conflict between Abbott's testimony and the other evidence at trial, the district court found Abbott

perjured himself. This finding is not clearly erroneous. <u>United States v. Harris</u>, 352 F.3d 362, 366 (8th Cir. 2003). The district court thus properly increased Abbott's sentence for obstruction of justice.

Accordingly, we affirm Abbott's conviction and sentence.

_____