# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3069

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Timothy Red Elk, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   March 8, 2004
Filed:   May 28, 2004

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and COLLOTON, Circuit
   Judges.

_____

WOLLMAN, Circuit Judge.

Timothy Red Elk appeals his sentence and conviction, arguing that the district court[1] improperly applied a cross-reference in the United States Sentencing Guidelines Manual (U.S.S.G.), erred in applying a two-level sentencing enhancement for obstruction of justice, and erred in denying his motion for a new trial.  We affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

# I.

Red Elk was indicted and tried for sexual abuse of a minor, a violation of 18 U.S.C. § 2243(a), which carries a maximum sentence of 15 years' imprisonment. At trial, the government called the two victims, D.F.B. and S.F.C., and two FBI agents who had interviewed Red Elk. The government played for the jury two portions of taped interviews that included admissions by Red Elk that he knew that the girls were under 16 and that he had sexually penetrated both girls. The defense presented evidence to the effect that the girls could have appeared to be at least 16 and that family and community members did not necessarily think Red Elk was too old to date the girls. Testifying in his own defense, Red Elk stated that he believed D.F.B. and S.F.C. were at least 16. During cross examination, Red Elk asserted that he had never engaged in sex with either victim. The jury found him guilty on both counts.

At sentencing, the district court applied the cross-reference in section 2A3.2(c)(1) of the sentencing guidelines, which states: "If the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse)." The district court found this cross-reference applicable because the testimony of both victims indicated that they were unable to consent due to intoxication, meeting the definition of sexual abuse set forth in 18 U.S.C. § 2242(2)(B). The district court then established a base offense level of 27, which it increased by two levels because the victims were at least 12 but less than 16. See U.S.S.G. § 2A3.1 (2000). The district court then increased the base level by two more levels for a multiple-count adjustment. See Id. § 3D1.4. Finally, after finding that Red Elk had committed perjury at trial, the district court applied a two-level enhancement for obstruction of justice. See Id. § 3C1.1. With a total offense level of 33 and a criminal history category I, the applicable sentencing range was 135-168 months. The district court sentenced Red Elk to 168 months' imprisonment on each count, to run concurrently, and a three-year term of supervised release.

## II.

### A.

Red Elk first argues that his due process rights were violated when the district court sentenced him on the basis of a charge on which he was neither indicted nor tried. He contends that the government should not have been able to try him for sexual abuse of a minor, under which the issue of consent of the victim is immaterial, and then at sentencing raise inability to consent as a basis to invoke a cross-reference and impose a higher sentence.

We review the district court's findings of fact for clear error and its application of the sentencing guidelines to those facts de novo. United States v. Swick, 334 F.3d 784, 787 (8th Cir. 2003). Having applied those standards of review here, we conclude that Red Elk's constitutional due process argument fails, for it is appropriate for a district court to consider uncharged relevant conduct for purposes of sentencing, even if it increases the sentence that would otherwise be applied, so long as the sentence does not exceed the statutory maximum authorized for the charged offense. See United States v. Galloway, 976 F.2d 414, 425 (8th Cir. 1992) (en banc) (upholding the constitutionality of the relevant conduct guideline, U.S.S.G. § 1B1.3).

The sentencing guidelines include numerous enhancements and cross-references that require the district court judge to consider the defendant's relevant conduct in reaching an appropriate sentence within the maximum authorized by law. Galloway, 976 F.2d at 424. The government must prove the elements of a charged offense beyond a reasonable doubt but need prove other facts that may provide for an enhanced sentence by only a preponderance of the evidence, even if such facts will result in a mandatory minimum sentence. McMillan v. Pennsylvania, 477 U.S. 79, 92-93 (1986). See also Harris v. United States, 536 U.S. 545, 568 (2002) (reaffirming the reasoning in McMillan). The district court may "impose a sentence within a range provided by statute, basing it on various facts relating to the defendant and the manner in which the offense was committed." Harris, 536 U.S. at 549. Conduct

outside the scope of that which bears on the question of guilt or innocence still "bears directly upon [the] seriousness" of the offense and is appropriately considered as a sentencing factor. Galloway, 976 F.2d at 424. The district court needs to know "the fullest information possible concerning the defendant's life and characteristics" in order to choose the appropriate sentence. United States v. Wise, 976 F.2d 393, 398 (8th Cir. 1992) (en banc) (citing Williams v. New York, 337 U.S. 241, 247 (1949)). Such sentencing factors are not subject to the indictment, jury trial, or proof requirements so long as the enhanced sentence does not exceed the statutory maximum. Harris, 536 U.S. at 549.

Nor does the mandatory nature of the sentencing guidelines, which require the district court to adjust the sentence if certain facts are found, violate the defendant's rights to indictment, jury trial or proof beyond a reasonable doubt. Galloway, 976 F.2d at 423. In Galloway, we held that the sentencing judge need find the relevant conduct that triggers different guideline ranges by only a preponderance of the evidence. See Galloway, 976 F.2d at 425. We have also applied the reasoning in Galloway to several cross-referencing provisions in the sentencing guidelines that allow a district court to consider uncharged conduct to establish the appropriate base offense level. See, e.g., United States v. Smith, 997 F.2d 396, 397 (8th Cir. 1993) (per curiam); United States v. Fleming, 8 F.3d 1264, 1266 (8th Cir. 1993). In considering such conduct for purposes of sentencing, it is appropriate for the judge to consider testimony presented at trial, see Fleming, 8 F.3d at 1266-67, as well as additional evidence provided at the sentencing hearing.

A defendant does have a liberty interest, of course, in the correct application of the sentencing guidelines. Galloway, 976 F.2d at 425. We will therefore reverse a sentence if the district court has failed to make the necessary factual findings, if the sentence exceeds the punishment authorized by the statute the defendant was sentenced under, or if the punishment "overwhelms or is extremely disproportionate to the punishment that would otherwise be imposed." Id. at 426. We have suggested

-4-

that if presented with a case involving an extreme disparity between the crime charged and the sentence imposed, we might require the government to establish the relevant conduct by proof greater than a preponderance of the evidence. See United States v. Geralds, 158 F.3d 977, 979 (8th Cir. 1998); United States v. Townley, 929 F.2d 365, 369 (8th Cir. 1991).

We need not define the degree of disparity that might require the imposition of a heightened standard of proof, for Red Elk's sentence falls within a range that is affirmable under the preponderance of the evidence standard. First, the 168-month sentence imposed does not exceed the 15 years of imprisonment authorized under 18 U.S.C. § 2243(a). Second, the district court's detailed findings at the sentencing hearing that the victims were unable to consent because of their intoxication finds clear support in the testimony of D.F.B. and S.F.C. See 18 U.S.C. § 2242(2)(B) (stating that it is criminal sexual abuse if the defendant knowingly engages in a sexual act when the victim is "physically incapable of declining participation in, or communicating unwillingness to engage in" the sexual act). The record supports the conclusion that both victims were passed out at the time of the offenses, that S.F.C. briefly came to while Red Elk was engaged in intercourse with her, and that Red Elk must have known of their state of consciousness.

Third, although Red Elk's sentence is significantly greater than that which he would have received absent the application of the cross-reference, we conclude that it does not violate due process. Without the cross-reference and based on the guidelines at the time of his offenses, Red Elk would have been subject to an offense level of 19 (a base offense level of 15 under section 2A3.2 plus a two-level multiple-count adjustment and a two-level obstruction enhancement). He would thus have been subject to a sentencing range of 30-37 months. The 168 month sentence he received is 4.5 times greater than the 37-month sentence that could have been imposed. We have rejected similar due process claims for two-fold, three-fold, and four-fold increases. See Wise, 976 F.2d at 401; Galloway, 976 F.2d at 426; United

States v. Alvarez, 168 F.3d 1084, 1088 (8th Cir. 1999). In light of those holdings, we conclude that an increase of 4.5 times is not so disproportionate that it must be supported by evidence established under a higher standard of proof. Accordingly, the district court did not err in applying the cross reference to Red Elk.

**B.**

Red Elk also contends that he should not have received a two-level enhancement for obstruction of justice. Perjury at trial is an appropriate basis for the enhancement. See United States v. Harris, 352 F.3d 362, 366 (8th Cir. 2003); U.S.S.G. § 3C1.1. A witness commits perjury if he intentionally testifies falsely about a material matter. Harris, 352 F.3d at 366. Whether Red Elk committed perjury is a factual finding that we review for clear error. Id. Before imposing the enhancement, the district court must review the evidence and make an independent finding of perjury by a preponderance of the evidence, one not based solely on the jury's disbelief of the defendant's testimony. Swick, 334 F.3d at 787. In reviewing such an enhancement, we look first to see whether the district court made a specific finding of perjury and then to whether the record supports that finding. Harris, 352 F.3d at 366.

The district court made a specific finding that a preponderance of the evidence supported the conclusion that Red Elk willfully testified falsely during trial that he did not have sex with either D.F.B. or S.F.C. (Indeed, the district court went on to state that it found that fact by clear and convincing evidence.) As recounted above, Red Elk told the FBI agents that he had sexually penetrated both girls. At trial, however, he testified that he did not have sex with the victims, but engaged only in "dry-humping" while fully clothed. Thus, this is not a case of a defendant losing "a swearing battle with one government witness," Harris, 352 F.3d at 367, but rather involves directly contradictory statements by the defendant himself. Accordingly, the record amply supports the district court's finding that Red Elk had obstructed justice by testifying falsely.

## C.

Finally, Red Elk argues that the district court should have granted a new trial because the great weight of evidence at trial weighed in favor of Red Elk's affirmative defense. We review the denial of a motion for a new trial for abuse of discretion and will reverse only if "the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Espinosa, 300 F.3d 981, 983 (8th Cir. 2002) (citation omitted). Red Elk presented evidence at trial going to the statutory defense that he was unaware that the victims were under the age of 16. The relevant statute, 18 U.S.C. § 2243(c)(1), provides that "it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years." The burden of proof is entirely on the defendant to prove this defense, because the Government need only prove that each victim's actual age was less than 16 and that the defendant's actual age was at least four years older than that of the victim. See 18 U.S.C. § 2243(a).

Red Elk testified that he thought that D.F.B. was "around 16, 17" and that S.F.C. was 16 on the dates the two offenses occurred. He and his witnesses testified that no one told Red Elk that the victims were too young to date him. It was not unreasonable for the jury to doubt Red Elk's credibility, however, particularly in light of Red Elk's statements during the FBI interviews that he thought D.F.B. was 13 or 14 and that S.F.C. was 14 or 15. In addition, that members of the community believed the victims were not too young to date Red Elk does not establish a general belief that the girls were at least 16. Accordingly, the evidence supporting the jury's verdict was not so outweighed by the defense testimony that a miscarriage may have occurred, and thus the district court did not abuse its discretion in denying the motion for a new trial.

The judgment is affirmed.

_____