# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2484

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Timothy Eugene Heidt, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 11, 2005
Filed: July 12, 2005

_____

Before MORRIS SHEPPARD ARNOLD, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Timothy Heidt appeals his sentence on two counts of making a false statement to a licensed firearms dealer, *see* 18 U.S.C. §§ 922(a)(6), 924(a)(2), and one count of possessing firearms and ammunition while being an unlawful user of marijuana, *see* 18 U.S.C. §§ 922(g)(3), 924(a)(2). We affirm.

Mr. Heidt first argues that the district court[1] erred by increasing his offense level for obstructing justice by perjuring himself at trial. *See* U.S.S.G. § 3C1.1. His

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

offense conduct included falsely answering "no" on two occasions to a question on ATF Form 4473 that asked whether he was an unlawful user of marijuana. At trial, Mr. Heidt testified that he had stopped using marijuana before he completed the ATF forms, and that the dealer from whom he purchased the firearms told him that, under those circumstances, he should deny that he was an unlawful user of marijuana. But the government introduced into evidence a written statement that appeared to be signed by Mr. Heidt and included an admission that he had used marijuana for one year longer than the period to which he testified at trial, which would mean that he still was using marijuana when he completed the ATF forms. Although Mr. Heidt testified that he had not signed the statement and he disputed its accuracy, according to the testimony of a police officer who interviewed him, the challenged statement was the original of a document that Mr. Heidt had signed in the officer's presence. Last, the dealer from whom Mr. Heidt purchased firearms testified that he never advises customers about how to answer questions on the ATF forms other than to tell them to answer honestly. In light of the contradictions between Mr. Heidt's testimony and other evidence admitted at trial, the district court did not err when it found that Mr. Heidt had perjured himself and thereby obstructed justice. *See United States v. Harris*, 352 F.3d 362, 366-67 (8th Cir. 2003).

Mr. Heidt also contends that the district court violated his sixth amendment rights by finding facts that resulted in an obstruction-of-justice adjustment to his sentence. Because Mr. Heidt raises this issue for the first time on appeal, we review for plain error. *See United States v. Pirani*, 406 F.3d 543, 548-50 (8th Cir. 2005) (en banc). The district court sentenced Mr. Heidt before the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and erred by not sentencing him under the advisory-guidelines scheme set out in that case. Nevertheless, Mr. Heidt has not "demonstrated a reasonable probability that he would have received a more favorable sentence with the *Booker* error eliminated," *Pirani*, 406 F.3d at 551; nothing in the record indicates that the district court had any qualms about the

sentence that it imposed. Mr. Heidt therefore does not qualify for relief. *See id.* at 550-53.

Finally, Mr. Heidt argues that the district court violated his sixth amendment rights by finding facts by a preponderance of the evidence instead of beyond a reasonable doubt. As we held in *Pirani*, however, "[n]othing in *Booker* suggests that sentencing judges are required to find sentencing-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime." *Id.* at 551 n.4. We therefore conclude that the district court did not err.

Affirmed.

_____