UNITED STATES of America, Plaintiff–Appellee,

v.

Deborah L. MASTEN, Defendant–Appellant.

No. 07–2880.

United States Court of Appeals, Eighth Circuit.

Submitted: March 13, 2008.

Filed: June 16, 2008.

---

**641**

Before MURPHY, BRIGHT, and BENTON, Circuit Judges.

PER CURIAM.

Appellant, Deborah Masten ("Masten"), appeals her conviction, after a jury trial, of one count of maliciously damaging or destroying, by means of fire, Too Tall's Two Eatery and Spirits, in violation of 18 U.S.C. § 844(i). The district court [1] sentenced Masten to 63 months' imprisonment and two years' supervised release. On

appeal, Masten argues that the district court erred in denying her motion for judgment of acquittal on the grounds of sufficiency of the evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review the district court's denial of a motion for judgment of acquittal de novo. *See United States v. Harris,* 352 F.3d 362, 365 (8th Cir.2003). We will affirm the denial of a motion for judgment of acquittal so long as substantial evidence exists, when viewed in the light most favorable to the government, that supports "an inference of guilt, even if contrary evidence exists." *Id.*

"In reviewing the sufficiency of the evidence on appeal, [we] view[ ] the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." *United States v. Baker,* 98 F.3d 330, 338 (8th Cir.1996) (quoting *United States v. Erdman,* 953 F.2d 387, 389 (8th Cir.1992)); *see also United States v. Sanchez,* 252 F.3d 968, 972 (8th Cir.2001). "The sufficiency of the evidence is gauged by whether a reasonable jury could conclude beyond a reasonable doubt that the essential elements of the crime, which can be proven by circumstantial as well as direct evidence, exist." *United States v. Henson,* 939 F.2d 584, 585 (8th Cir.1991). We will reverse a jury's verdict only where "no reasonable jury could have found the [accused] guilty beyond a reasonable doubt." *United States v. Harmon,* 194 F.3d 890, 892 (8th Cir.1999) (citations omitted). The government is not required to exclude every reasonable hypothesis except guilt, and "[a] conviction may be based on circumstantial as well as direct evidence." *Baker,*

1. The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

98 F.3d at 338 (citation omitted). When evidence may equally support either guilt or innocence, a court should not disturb the conviction. *Id.*

Masten argues that the Government presented insufficient evidence to prove beyond a reasonable doubt that she intentionally set the fire at Too Tall's Two Eatery, which Masten and her husband owned and operated for several years before the fire. Masten claims: (1) the fire was caused by an electrical failure and not arson; and (2) the Government failed to present sufficient evidence to prove beyond a reasonable doubt that she had the opportunity or the motive to set the fire. After reviewing the parties' contentions, we conclude that the evidence presented at trial was sufficient to support the verdict.

First, there was sufficient evidence to support the jury's conclusion that the fire was intentionally set. Masten argues that the Government provided no evidence that an accelerant was used to start the fire and refers to the testimony of the Government's forensic expert who testified that the samples tested from the bar did not contain even trace amounts of ignitable liquids. The Government's forensic expert, however, also testified that certain ignitable liquids such as alcohol, which can act as accelerants, evaporate or burn up in a fire and would not be traceable.

Furthermore, the Government presented five experts—four certified fire investigators and one electrical engineer—who testified as to the cause and origin of the fire. Each of these experts agreed that the fire was intentionally set and each ruled out the possibility that an electrical failure caused the fire. Masten argues that she successfully rebutted this testimony when her expert, an electrical engineer and certified fire investigator, testified that Too Tall's Two Eatery was destroyed by an electrical failure. Conflicting testimony between Masten's expert and the Government's experts, however, provides no basis for reversal. *See United States v. Johnson,* 519 F.3d 816, 822 (8th Cir.2008) (holding that the jury weighs conflicting evidence and makes credibility determinations which are "virtually unreviewable on appeal") (quoting *United States v. Singh,* 494 F.3d 653, 660 (8th Cir.2007)).

The Government also presented ample circumstantial evidence to show that Masten had the opportunity to set the fire. The Government's evidence indicated that Masten left the bar as the last person on the night of the fire. Although Masten concedes this fact, she claims that no reasonable jury could have concluded that she set the fire because she remained alone inside the bar for less than two minutes and asserts the impossibility of setting the fire in that short period of time. While the evidence showed that Masten left the bar shortly after the last two employees, the Government presented evidence for the jury to conclude that Masten could have set the fire in that short period of time.

Finally, with respect to motive, the Government presented sufficient circumstantial evidence that Masten had financial incentive to set the fire and collect fire insurance to cover the loss. The Government's evidence showed that the bar was operating at a loss from 1998 through 2004, Masten tried to sell the bar before the fire and the sale fell through, and less than one month before the fire, the Internal Revenue Service filed a Federal Tax Lien against Masten for unfiled returns and delinquent taxes.

In sum, although the case was close, the Government presented sufficient evidence to support Masten's conviction. We affirm.