# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2697

———————

United States of America,        *
                              *

      Plaintiff - Appellee,     *

                              *   Appeal from the United States

    v.                         *   District Court for the

                              *   District of Minnesota.

Peng Thao,                 *

                              *      [UNPUBLISHED]

      Defendant - Appellant.   *

———————

Submitted: April 17, 2008
Filed: June 16, 2008

———————

Before GRUENDER, BRIGHT, and BENTON, Circuit Judges.

———————

PER CURIAM.

A jury convicted Peng Thao ("Thao") of: (1) conspiracy to distribute and possess with intent to distribute over 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846; and (2) possessing with intent to distribute more than 50 grams of methamphetamine in violation of §§ 841(a)(1), (b)(1)(A). The district court[1] sentenced Thao to 132 months' imprisonment on both counts and five years' supervised release. On appeal, Thao argues the district court erred by denying his

———————

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

motion for judgment of acquittal because the Government's evidence was insufficient to support the jury's guilty verdict on either count. We affirm.

We review the district court's denial of a motion for judgment of acquittal *de novo*. See United States v. Harris, 352 F.3d 362, 365 (8th Cir. 2003) (citing United States v. Earles, 113 F.3d 796, 802 (8th Cir. 1997)). We will affirm the denial of a motion for judgment of acquittal so long as substantial evidence exists, when viewed in the light most favorable to the government, that supports an inference of guilt. Id. at 365 (8th Cir. 2003) (citing United States v. Henson, 939 F.2d 584, 585 (8th Cir. 1991)).

"In reviewing the sufficiency of the evidence on appeal, [we] view[] the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Baker, 98 F.3d 330, 338 (8th Cir. 1996); United States v. Sanchez, 252 F.3d 968, 972 (8th Cir. 2001). This "standard of review . . . is very strict, and the verdict of the jury [will] not be overturned lightly." United States v. Davidson, 195 F.3d 402, 406 (8th Cir. 1999) (citing United States v. Burks, 934 F.2d 148, 151 (8th Cir. 1991)). We will uphold the "'jury's verdict . . . if there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt.'" Baker, 98 F.3d at 338 (quoting United States v. Erdman, 953 F.2d 387, 389 (8th Cir.), cert. denied, 505 U.S. 1211 (1992)). And we will reverse a jury's verdict only where "no reasonable jury could have found the [accused] guilty beyond a reasonable doubt." United States v. Harmon, 194 F.3d 890, 892 (8th Cir. 1999). The government is not required to exclude every reasonable hypothesis except guilt, e.g., Henson, 939 F.2d at 585, and "[a] conviction may be based on circumstantial as well as direct evidence." Baker, 98 F.3d at 338. And when evidence may equally support either guilt or innocence, a court should not disturb the jury's verdict. See id. "If the

evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." Id. (quoting Burks, 934 F.2d at 151).

To establish that Thao conspired to distribute and possess with intent to distribute methamphetamine, the Government had to prove: (1) there was a conspiracy, such as an agreement to distribute or possess with intent to distribute the methamphetamine; (2) Thao knew of the conspiracy; and (3) Thao intentionally joined the conspiracy. See United States v. Espino, 317 F.3d 788, 792 (8th Cir. 2003). The Government may establish the existence of a conspiracy through either direct or circumstantial evidence. See United States v. Mickelson, 378 F.3d 810, 821 (8th Cir. 2004) (citing United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991)); United States v. McCracken, II, 110 F.3d 535, 540 (8th Cir. 1997). A defendant challenging the sufficiency of the evidence in a conspiracy case has a heavy burden. See Mickelson, 378 F.3d at 821 (citing United States v. Jiminez-Perez, 238 F.3d 970, 973 (8th Cir. 2001)).

Thao argues that the Government's evidence was insufficient to link him to Teng Vang's ("Vang")[2] methamphetamine activities. We disagree. At trial, the Government presented the following evidence to prove the existence of a conspiracy between Thao and Vang: (1) Vang named the brother-in-law whom he lived with as a co-conspirator during a controlled methamphetamine buy; (2) Thao was Vang's only brother-in-law that lived in the same home as Vang; (3) $280 of the $300 of "buy money" Vang received during that controlled buy was found in Thao's bedroom; (4) the same type of clear plastic Ziploc baggies used for packaging methamphetamine were found in both Thao's and Vang's bedrooms; (5) digital scales

---

[2]The original federal indictment against Thao named Vang as a co-conspirator and co-defendant. On June 7, 2006, Vang pled guilty to conspiracy to distribute and possess with intent to distribute over 50 grams of a mixture containing methamphetamine. The Government subsequently obtained a superceding indictment naming only Thao.

commonly used for weighing out narcotics were found in both Thao's and Vang's bedrooms; (6) the key for Vang's safe – containing drug notes and cash – was found in Thao's bedroom; and (7) the drug notes recovered from Vang's bedroom corresponded to the amounts of money found in Thao's bedroom.

The Government also presented testimony from a confidential informant ("CI"), who participated in a controlled methamphetamine buy with Vang. The CI testified that during the buy Vang told him that the brother-in-law he lived with was his drug partner. Thao contends this testimony does not exclude the possibility that Vang's other brother-in-law could be the possible co-conspirator. The problem with this theory is the CI specifically identified Vang's methamphetamine partner as the brother-in-law with whom he lived. And the only brother-in-law living with Vang was Thao. We are therefore satisfied that the CI's testimony, coupled with the physical evidence found in Thao's bedroom, constitutes substantial evidence, albeit circumstantial, from which the jury could infer that Thao conspired with Vang to distribute and to possess with intent to distribute methamphetamine.

To establish that Thao possessed with intent to distribute methamphetamine, the Government had to prove beyond a reasonable doubt that Thao knowingly possessed and intended to distribute the methamphetamine found in his home. See United States v. Sanchez, 252 F.3d 968, 972 (8th Cir. 2001); United States v. Boyd, 180 F.3d 967, 979 (8th Cir. 1999). The Government can establish possession by direct or circumstantial evidence. See, e.g., United States v. Evans, 431 F.3d 342, 345 (8th Cir. 2005); United States v. Bridges, 419 F.2d 963, 968 (8th Cir. 1969). And it can establish knowing possession by demonstrating that an individual had constructive possession of the controlled substance. See United States v. Perkins, 94 F.3d 429, 436 (8th Cir. 1996) (citing United States v. Townley, 942 F.2d 1324, 1325 (8th Cir. 1991)). A person constructively possesses a controlled substance if she has "ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed." United States v. Ojeda, 23 F.3d

1473, 1475 (8th Cir. 1994). Finally, the Government can demonstrate an individual had the intent to distribute with evidence that a large quantity of narcotics was found in their possession. See United States v. Campos, 306 F.3d 577, 580 (8th Cir. 2002) ("[W]e have previously held that possession of approximately 50 grams of methamphetamine is consistent with an intent to distribute.") (citing United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990)).

At trial, the Government presented the following evidence found in a safe seized from Thao's bedroom to establish his possession with intent to distribute methamphetamine: (1) 192 grams of methamphetamine mixture in a blue Ziploc bag that has an uncontested street value of between $6,000 and $10,000; (2) $1,500 in cash; (3) car title documents bearing Thao's name; (4) checkbooks bearing Thao's and his wife's names; and (5) numerous plastic baggies used for packaging methamphetamine. The Government also presented evidence that the following was found in Thao's bedroom: (1) an operational digital scale commonly used by drug dealers; (2) $9,000 in cash in a white stocking cap that included $280 of the pre-marked "buy money" used in the CI's controlled methamphetamine buy with Vang; and (3) $600 in cash and a key that opened Vang's safe that contained more money and drug notes.[3] In addition, the Government's drug expert, John Boulger, provided a valuation of the methamphetamine seized from Thao's and Vang's bedrooms and explained that the items found in their bedrooms were consistent with the distribution of methamphetamine. We are satisfied that this evidence (along with that discussed above establishing Thao conspired with Vang) more than constitutes substantial

---

[3]As circumstantial evidence that Thao received drug proceeds or possessed drugs for sale, the Government compared the amount of cash (nearly $11,000) found in Thao's bedroom with his reported earnings of approximately $5,800 (in the seven months preceding the search).

evidence from which the jury could infer Thao possessed with intent to distribute methamphetamine.

For the foregoing reasons, we affirm Thao's convictions.

_____