Miguel **IBARRA–REINA**, Petitioner,

v.

Loretta E. **LYNCH**, United States Attorney General, Respondent.

No. 15–3395

United States Court of Appeals, Sixth Circuit.

FILED June 07, 2016

Thomas John Gilbert, Svetlana Schreiber & Associates, Cleveland, OH, for Petitioner.

Drew Brinkman, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: COOK and KETHLEDGE, Circuit Judges; SARGUS, District Judge.*

OPINION

SARGUS, District Judge.

Miguel Ibarra–Reina petitions for review from a final order of removal issued by the Board of Immigration Appeals (the "Board"). For the reasons stated below, we **DENY REVIEW.**

---

* The Honorable Edmund A. Sargus, Jr., Chief United States District Judge for the Southern District of Ohio, sitting by designation.

## I.

Petitioner Miguel Ibarra–Reina ("Petitioner" or "Ibarra–Reina") is a native and a citizen of Mexico. (Administrative Record ("AR") at 206; ECF No. 6; Petition, at 2; ECF No. 22.) In February of 2000, he entered the United States without having been inspected or admitted. (AR. at 314; Petition, at 2.) On November 12, 2009, the Department of Homeland Security ("DHS") commenced removal proceedings against Ibarra–Reina by filing a Notice to Appear with the Immigration Court. (AR. at 362.) DHS charged Ibarra–Reina with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled. (*Id.*)

On April 21, 2010, the parties appeared before an Immigration Judge for a Master Calendar Hearing. (AR. at 141.) The Immigration Judge granted Ibarra–Reina a continuance in order to obtain legal representation. (*Id.* at 145.) Ibarra–Reina then appeared at his second Master Calendar Hearing on July 28, 2010, represented by counsel, Attorney Jayashree Bidari ("Bidari"). (*Id.* at 147.) Ibarra–Reina conceded removability and stated his intention to seek cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Immigration Judge scheduled another Master Calendar Hearing and an Individual Hearing—a final hearing to adjudicate Ibarra–Reina's claims. (*Id.* at 151–52.)

At the February 23, 2011 Master Calendar Hearing, Ibarra–Reina conceded that he was not eligible for relief under ten-year cancellation (*Id.* at 155–56), and filed a form I–589 application for asylum, withholding of removal, and protection under the CAT, along with his own supporting documentation. (*Id.* at 314; 200.)

On July 18, 2012, approximately one month prior to the Individual Hearing date, Bidari filed a motion to withdraw as Ibarra–Reina's counsel. (*Id.* at 333.) Bidari cited "severe mental stress" as the rationale for her inability to proceed and requested that the Individual Hearing date be continued in order for Ibarra–Reina to retain new counsel. (*Id.* at 336.) In support of her motion, Bidari submitted her own affidavit, and the affidavits of two of her friends, one of whom is a physician, Dr. Chaya Swamy. In her affidavit, Bidari explained that her "health [was] getting worse with each passing day," including spells of fainting and getting sick to her stomach. (*Id.* at 338 ¶ 2.) The friends' affidavits stated that Bidari became sick at a social gathering on May 25, 2012. (*Id.* at 340 ¶ 2; 342 ¶ 2.) Dr. Swamy's affidavit also stated that Bidari was "under [a] lot of stress and unable to do routine chores," necessitating rest and avoidance of stressful situations. (*Id.* at 342 ¶ 3.) The affidavit did not state that Dr. Swamy had ever treated Bidari in a professional capacity. (*Id.* at 342.) On July 20, 2012, the Immigration Judge denied Bidari's motion to withdraw in a summary written order. (*Id.* at 331.)

On August 3, 2012, Ibarra–Reina submitted documentary evidence in support of his application for relief. (*Id.* at 163; 201–305.) On August 20, 2012, the parties appeared before the Immigration Judge for the Individual Hearing. (*Id.* at 158.) At the Individual Hearing, Bidari failed to renew her motion for withdrawal. Instead, Ibarra–Reina stated on the record that Bidari was his authorized representative, and Bidari stated that she was ready to proceed with the hearing. (*Id.* at 160.) Bidari indicated that Ibarra–Reina was seeking asylum based on his membership in the particular social group consisting of "deportees from the United States." (*Id.* at 165.) Ibarra–Reina then testified as to the merits of his claim. (*Id.* at 168.)

On August 20, 2012, the Immigration Judge issued a decision, denying Ibarra–Reina's application. (*Id.* at 119.) The Immigration Judge found that the asylum application was untimely, because it was not filed within one year of Ibarra–Reina's arrival in the United States and that Ibarra–Reina failed to show changed circumstances to excuse the untimely filing. (*Id.* at 131–33.) The Immigration Judge also found Ibarra–Reina not credible and that he had failed to prove his eligibility for asylum based on a well-founded fear of persecution as a result of inclusion within a particular social group. (*Id.* at 128–31; 133–36.) The Immigration Judge consequently found that Ibarra–Reina failed to prove his eligibility for withholding of removal, as well as his eligibility for CAT protection because he failed to show that it was more likely than not that he would be tortured by, or with the acquiescence of, the Mexican government. (*Id.* at 136–37.)

Ibarra–Reina made a timely appeal to the Board. On March 24, 2015, the Board denied the appeal, finding that the adverse credibility determination made by the Immigration Judge was not clear error. (*Id.* at 3.) In addition, the Board found that the Immigration Judge did not err in denying Bidari's motion to withdraw. Specifically, the Board found that Ibarra–Reina's due process rights were not violated because the Immigration Judge was not required to give a detailed explanation for denying the motion to withdraw, and, in any event, Ibarra–Reina did not make a showing of prejudice. (*Id.* at 3–4.) The Board then found that Ibarra–Reina waived his claim to a continuance of his final hearing because, at the Individual Hearing, he testified that Bidari "was authorized to represent him and speak on his behalf, and he did not renew his request for a continuance to obtain new counsel." (*Id.* at 4.)

The Board noted that Ibarra–Reina submitted additional evidence on appeal—related to Bidari's mental state at the time of his representation—and construed the new submissions as a motion to remand, which was also denied. The Board further determined that Ibarra–Reina had failed to satisfy the procedural requirements for reopening his proceedings based on a claim of ineffective assistance of counsel, set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). In particular, Ibarra–Reina failed to show that he would have been entitled to remain in the United States but for the ineffective assistance of counsel. (AR. at 4.) After the Board denied his petition for review, Ibarra–Reina brought this appeal.

## II.

"Where, as here, the BIA adopts and affirms the IJ's opinion, but provides additional reasons for its ruling, we review the IJ's opinion as well as the BIA's additional reasons." *Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008) (citing *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005)).

Legal conclusions are reviewed de novo, but we defer to reasonable agency interpretations of the INA. *Sica Ixcoy v. Holder*, 439 Fed.Appx. 524, 527 (6th Cir. 2011). Factual findings are reviewed for substantial evidence, a deferential standard under which the agency's findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.* (citing *Zhao v. Holder*, 569 F.3d 238, 246–47 (6th Cir. 2009)). We will uphold the agency's determination provided that it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Zhao*, 569 F.3d at 247 (quoting *Koulibaly v. Mukasey*, 541 F.3d 613, 619 (6th Cir. 2008)). Furthermore, "[t]he denial of a motion to reopen a re-

moval order is reviewed for an abuse of discretion." *Kukalo v. Holder*, 418 Fed. Appx. 450, 457 (6th Cir. 2011) (table) (quoting *Denko v. I.N.S.*, 351 F.3d 717, 723 (6th Cir. 2003)). However, "the BIA has broad discretion in deciding whether to grant or deny a motion to reopen." *Id.* (citing *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009)). A denial of a motion to reopen is an abuse of discretion where it was made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. I.N.S.*, 669 F.2d 1157, 1161 (6th Cir. 1982) (per curiam) (citing *Hang v. I.N.S.*, 360 F.2d 715, 718 (2d Cir. 1966)).

Petitioner makes three cognizable arguments in this appeal. *First*, the Board erred in upholding the Immigration Judge's decision to deny Bidari's motion to withdraw without stating a reason for that ruling. *Second*, the Board erred in denying Ibarra–Reina's request for a continuance of the final hearing in order to obtain new counsel. *Third*, Ibarra–Reina's due process rights were violated due to ineffective assistance of counsel under the standard set by *Lozada.*

### A.

While aliens entering the United States without permission have no Sixth Amendment right to counsel, they do retain a statutory right to counsel. 8 U.S.C. § 1362. Accordant with this statutory right, an alien must knowingly waive representation, *e.g.*, *Ramirez v. I.N.S.*, 550 F.2d 560, 565 (9th Cir. 1977), and immigration judges must take pains to ensure that an alien's rights are protected when counsel wishes to withdraw. *See, e.g., Al Khouri v. Ashcroft*, 362 F.3d 461, 464–65 (8th Cir. 2004). Also pursuant to regulation, immigration judges may grant an attorney's

motion to withdraw as counsel of record upon an oral or written motion. 8 C.F.R. § 1003.17(b). In so doing, judges "generally have wide discretion to grant or deny motions to withdraw." *Gjeci v. Gonzales*, 451 F.3d 416, 421 (7th Cir. 2006); *see also Matter of Chow*, 20 I. & N. Dec. 647, 652–53 (BIA 1993) (refusing withdrawal where attorneys had already appeared at a prior hearing on the alien's behalf).

█ Here, the Immigration Judge did not improperly deny the motion to withdraw. There is no substantial evidence of prejudice to Ibarra–Reina regarding Bidari's continuation as his legal representative. *See Graham v. Mukasey*, 519 F.3d 546, 549–50 (6th Cir. 2008). Indeed, Ibarra–Reina presents nothing but conclusory statements to show a "substantially different outcome ... would have occurred" absent the denial of the motion to withdraw. *Id.* Moreover, Bidari had already appeared on behalf of Ibarra–Reina, the Individual Hearing was less than a month away, and Bidari's motion did not point to substantive grounds related to the case for withdrawal, such as a difference of opinion between her and her client over direction of the case, or a failure to cooperate on the part of Ibarra–Reina. *See Gjeci*, 451 F.3d at 421 (citing *In re Rosales*, 19 I. & N. Dec. 655–57 (BIA 1988)). Ibarra–Reina is not entitled to review on the basis of the denial of Bidari's motion to withdraw.

### B.

█ We have previously noted and applied the Board's rule "that issues not objected to below are waived on appeal." *Sica Ixcoy*, 439 Fed.Appx. at 532 (quoting *Xhuti v. Mukasey*, 281 Fed.Appx. 536, 540 (6th Cir. 2008)). In addition, a number of courts "have recognized the validity of the Board's waiver rule." *Xhuti*, 281 Fed.Appx. at 540 (citing cases). In *Sica Ixcoy*, we denied review of the Board's decision that

an alien petitioner who had stated his intention to apply for voluntary departure at a preliminary hearing, but failed to do so at his final hearing, had waived his voluntary departure claim. In congruence with our previous rulings, the Board did not abuse its discretion in finding that Ibarra–Reina waived his request for a continuance of the final hearing in order to obtain new counsel, where he failed to renew that request at his final hearing. Instead, Ibarra–Reina stated that Bidari was his authorized representative. (AR. at 4.) As a result, Ibarra–Reina's appeal based on the denial of a continuance of his final hearing is non-meritorious.

### C.

"A deportation proceeding is a purely civil action," *I.N.S. v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984), and as a result, an ineffective assistance of counsel claim is reviewable under the Due Process Clause of the Fifth Amendment, *Denko*, 351 F.3d at 723. "Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a full and fair hearing." *Id.* (quoting *Huicochea–Gomez v. I.N.S.*, 237 F.3d 696, 699 (6th Cir. 2001)). A due-process violation has resulted from ineffective assistance of counsel "only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Id.* (quoting *Ramirez–Durazo v. I.N.S.*, 794 F.2d 491, 499–500 (9th Cir. 1986)).

In addition to these substantive requirements for establishing a denial of due-process, the Board has established certain procedural requirements for a due process claim based on an allegation of ineffective assistance of counsel. *See Matter of Lozada*, 19 I. & N. Dec. at 639. The *Lozada* threshold requirements include the following: (1) an affidavit supporting the claim

of ineffective assistance of counsel by attesting to the relevant facts; (2) informing former counsel of the allegations to provide him or her an opportunity to respond; and (3) a statement with regards to whether a complaint has been filed with the appropriate disciplinary authorities, and if not, why not. *Id.*

Ibarra–Reina does not dispute that he did not comply with the three-prongs of *Lozada*, but rather contends that strict adherence is not necessary in this case. The cases Petitioner cites in support of this claim, however, are distinguishable. In several of the cases cited by Ibarra–Reina, including *Fadiga v. Att'y Gen. U.S.*, 488 F.3d 142, 155–57 (3d Cir. 2007), and *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003), the petitioner or petitioners complied with the first two requirements. In *Fadiga*, the former counsel had even submitted a detailed affidavit attesting to his errors in providing ineffective representation. 488 F.3d at 156–57. In *N'Diom v. Gonzalez*, this Court was not adjudicating an ineffective assistance of counsel claim under the *Lozada* factors. 442 F.3d 494 (6th Cir. 2006). Thus, the cases cited by Ibarra–Reina in support of his contention that compliance with the *Lozada* factors is unnecessary are inapposite and unpersuasive. "[A]lthough we have not [necessarily] enforced *Lozada* rigidly, neither have we applied its requirements as loosely as [petitioner] suggests." *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2003).

Moreover, even assuming the *Lozada* factors should be waived, Ibarra–Reina has failed to demonstrate the required prejudice as a result of Bidari's ineffective assistance. *Gaye v. Lynch*, 788 F.3d 519, 530–31 (6th Cir. 2015) (citing *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006)). Petitioner did not submit any new evidence demonstrating that he would have been entitled to relief but for Bidari's inef-

fective assistance. *See id.* at 530–31. Because Ibarra–Reina neither satisfied the *Lozada* requirements nor demonstrated the requisite prejudice, his ineffective assistance of counsel claim fails.

We **DENY REVIEW.**