# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1156

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Salvador Galaviz-Luna, also known as | * | |
| Chavo, also known as Manual Salinas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 26, 2004
Filed: August 3, 2005

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Salvador Galaviz-Luna (Galaviz-Luna) was charged with and convicted of conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. The district court[1] sentenced Galaviz-Luna to 235 months'

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska. Judge Kopf served as Chief Judge of the District of Nebraska until November 30, 2004.

imprisonment and five years' supervised release. On appeal, Galaviz-Luna challenges the sufficiency of the evidence used to convict him. Galaviz-Luna also asserts the district court erred in enhancing his offense level under United States Sentencing Guideline (U.S.S.G.) § 3C1.1 on the basis he obstructed justice, and he further argues his sentence should be vacated and the case remanded for resentencing pursuant to United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

## I. BACKGROUND

At trial, the jury heard the testimony of nine witnesses cooperating under federal plea agreements. These nine witnesses–Lois Anthony, Rodney Sherman, Hugo Corrales, Ross Racek, Jose Federico Guerro Vasquez, Charles Prorok, Fidel Martinez, Jonathan Trejo, and Jackie Boersen–related similar accounts of Galaviz-Luna purchasing and distributing methamphetamine at various times and in various amounts from April 1998 through January 2002. Galaviz-Luna's counsel characterized these adverse witnesses as drug-addicted felons seeking sentence reductions in exchange for testifying against Galaviz-Luna. Galaviz-Luna admitted he used methamphetamine with several of the government's witnesses, but he denied he ever sold methamphetamine. The jury convicted Galaviz-Luna of conspiracy to distribute methamphetamine. At sentencing, the district court found Galaviz-Luna perjured himself with his trial testimony, and accordingly applied a two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1.

Galaviz-Luna appeals his conviction, arguing "[t]he only evidence that Mr. Galaviz-Luna was involved in drug dealing came from drug dealers who had been caught and were seeking to feather their own nests by informing on another." Galaviz-Luna alternatively appeals his sentence, contending the district court erred in enhancing his offense level by failing to address clearly each element of perjury. Galaviz-Luna also contends the district court violated his Sixth Amendment rights, because (1) the facts supporting the sentencing enhancement for obstruction of justice were not admitted by Galaviz-Luna nor proved to a jury beyond a reasonable doubt,

and (2) the district court erroneously applied the sentencing guidelines in a mandatory, rather than an advisory, fashion.

## II.  DISCUSSION

### A.  Sufficiency of the Evidence

Galaviz-Luna contends there was insufficient evidence to support his conspiracy conviction, because the evidence against him came "completely from subjective testimony from alleged co-conspirators." Galaviz-Luna points out that no controlled substances, scales, or large sums of money were seized in connection with his case.

Galaviz-Luna faces a "high hurdle" with his argument concerning the sufficiency of the evidence used to convict him, because the standard of review on this issue is strict. United States v. Cook, 356 F.3d 913, 917 (8th Cir. 2004). We review "the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." Id. (quoting United States v. Sanders, 341 F.3d 809, 815 (8th Cir. 2003)). We reverse "only if no reasonable jury could have found [Galaviz-Luna] guilty." Id. The government may prove the conspiracy with either direct or circumstantial evidence. Id.

We conclude the evidence, viewed most favorably to the jury's verdict, was sufficient to support Galaviz-Luna's conviction. Several government witnesses testified they received methamphetamine from Galaviz-Luna and then resold the methamphetamine to other individuals. The cooperating witnesses were cross-examined as to their plea agreements and the possibility of receiving sentence reductions in exchange for their testimony. Issues of witness credibility and motive are for a jury to decide, see id., and Galaviz-Luna's case does not merit deviation from this precedent. In addition, a police officer, who inspected the patrol car in which Galaviz-Luna had been seated, discovered a folded up dollar bill with a light-

-3-

colored powdery substance inside it, which substance was later identified as methamphetamine. Galaviz-Luna told an officer he placed the folded bill under the car seat because he was scared. Upon questioning, Galaviz-Luna admitted the light-colored powdery substance inside the dollar bill was "smack." We affirm Galaviz-Luna's conviction.

### B. Sentence Enhancement

Galaviz-Luna advances two arguments suggesting the district court erred in sentencing him. First, Galaviz-Luna contends the district court clearly erred in enhancing his offense level under U.S.S.G. § 3C1.1 for obstructing justice. Second, Galaviz-Luna raises a Sixth Amendment challenge under Booker. We will address each argument in turn.

### 1. Obstructing Justice

In his initial brief on appeal, Galaviz-Luna challenges as clear error the application of a two-level sentence enhancement for obstruction of justice. "Even after Booker, '[w]e review the [interpretation and] application of the sentencing guidelines de novo and review the district court's factual findings for clear error.'" United States v. Porter, 409 F.3d 910, 917-18 (8th Cir. 2005) (alterations in original) (quoting United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005)). Whether Galaviz-Luna committed perjury and, in so doing, obstructed justice is a factual finding, and we reverse a district court's imposition of a sentence enhancement under U.S.S.G. § 3C1.1 only upon a showing of clear error. See United States v. Red Elk, 368 F.3d 1047, 1052 (8th Cir. 2004).

"A witness commits perjury if he 'gives false testimony concerning a material matter with the [willful] intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" United States v. Thomas, 93 F.3d 479, 489 (8th Cir. 1996) (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)). Before imposing a sentence enhancement for obstruction of justice, "the district court must

review the evidence and make an independent finding of perjury by a preponderance of the evidence, one not based solely on the jury's disbelief of the defendant's testimony." Red Elk, 368 F.3d at 1052. Given the conflict between Galaviz-Luna's trial testimony and the other evidence at trial, the district court found Galaviz-Luna perjured himself, and said:

> The overwhelming trial evidence from a wide variety and diversity of people, is that [Galaviz-Luna] was a drug dealer, and actively a drug dealer, and took significant steps to deal drugs. And it is true that he testified contrary to his proffer when it became obvious that if he stuck by his proffer, he would have implicated himself in distributable quantities. And I, therefore, overrule the objection and find that the obstruction [of] justice enhancement is appropriately imposed here.

The district court then asked, "Do the parties require any further findings?" Both the government and Galaviz-Luna's counsel replied, "No." We will not at this late date ask the district court to make further perjury findings.

The district court, in effect, made a specific finding of perjury, and we see no evidence this finding was clearly erroneous. Therefore, we hold the district court did not clearly err in assessing a two-level sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

### 2. **Booker**

In the wake of the Supreme Court's decision in Booker, Galaviz-Luna filed a supplemental brief arguing his sentence should be vacated and the case remanded for resentencing, because (1) the district court enhanced his sentence based on a judicial finding that he obstructed justice by committing perjury under U.S.S.G. § 3C1.1, and (2) the district court sentenced him under a mandatory, rather than an advisory, sentencing regime.

Galaviz-Luna's first argument, i.e., that the district court violated <u>Booker</u> by enhancing his sentence based on judicial fact finding, is unavailing. The district court found facts supporting the obstruction of justice enhancement based on a preponderance of the evidence, but such judicial fact finding is not necessarily unconstitutional under <u>Booker</u>. <u>See</u> <u>United States v. Keller</u>, No. 04-2459, 2005 WL 1558125, at *2 (8th Cir. July 5, 2005). "Nothing in <u>Booker</u> suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime." <u>United States v. Pirani</u>, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc). Rather, as discussed below, the error is that the district court applied its fact finding under a mandatory Guidelines system.

Because Galaviz-Luna did not object to his sentence on Sixth Amendment grounds in the district court, we review for plain error. <u>See</u> Fed. R. Crim. P. 52(b); <u>Pirani</u>, 406 F.3d at 549-50. Under plain error review, we may not correct an error not raised in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> at 550 (quoting <u>Johnson v. United States</u>, 520 U.S. 461, 466-67 (1997)).

Insofar as the district court did not specifically ask and instruct the jury to find beyond a reasonable doubt whether Galaviz-Luna committed perjury, and thus obstructed justice, the district court's imposition of this enhancement under a mandatory Guidelines regime was an error that was plain under the Sixth Amendment. <u>See</u> <u>United States v. Ziesman</u>, 409 F.3d 941, 957 (8th Cir. 2005) (concluding "the district court committed error in applying the Guidelines in a mandatory fashion based on judge-found facts, and the error is plain at the time of appellate consideration").

Turning to the third prong of plain-error review, we ask whether the error affects substantial rights, which "means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993). "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." Id. To carry this burden, Galaviz-Luna must establish "a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Pirani, 406 F.3d at 552.

Galaviz-Luna argues his burden of demonstrating prejudice is satisfied by the district court's statement at sentencing: "I'm prepared to sentence the defendant at the low end of the guidelines. . . . [T]hat's hardly a low end, but in any event, that's what I'm prepared to do." However, a sentence at the low end of the applicable Guidelines range is not, by itself, sufficient to show a reasonable probability of a lesser sentence in the absence of mandatory sentencing guidelines. See Pirani, 406 F.3d at 553.

We conclude the record as a whole does not establish a reasonable probability the district court would have imposed a more lenient sentence under an advisory Guidelines system. In fact, the district court indicated Galaviz-Luna's sentence "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, . . . provide[s] for just punishment, and . . . afford[s] deterrents." After the court overruled Galaviz-Luna's objections to the obstruction of justice enhancement and imposed the enhancement, counsel for Galaviz-Luna expressly requested the sentence given. Because Galaviz-Luna fails to meet the third prong of the plain-error test, we need not consider the fourth prong of plain-error review. The district court did not plainly err in sentencing Galaviz-Luna.

III.    CONCLUSION

For the foregoing reasons, we affirm Galaviz-Luna's conviction and sentence.

––––––––––––––––––––––––