# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1657

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Jesus Olivas, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 12, 2005
Filed:  September 27, 2005

_____

Before RILEY, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

The Government charged Jesus Olivas with conspiracy to distribute five hundred grams or more of methamphetamine. At trial, seven coconspirators and a narcotics officer testified against Olivas, and the jury convicted him. The presentence report (PSR) attributed 15.08 kilograms of methamphetamine to Olivas and recommended an enhancement for obstruction of justice because Olivas had intimidated or threatened a witness. Olivas objected and argued he was entitled to a jury finding on drug quantity and the obstruction enhancement under <u>Blakely v.</u>

Washington, 124 S. Ct. 2531 (2004). The district court[*] held evidentiary hearings in November 2004 and February 2005. Before the latter hearing, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005). The court took judicial notice of the trial transcript and stated there was "ample evidence that [Olivas] was responsible for over 15 kilograms of methamphetamine." The court also found Olivas obstructed justice, citing one witnesses' trial testimony and another's lack of memory. At sentencing, the district court acknowledged the advisory nature of the Sentencing Guidelines after Booker, considered the sentencing factors set forth in 18 U.S.C. § 3553(a), adopted the PSR, and sentenced Olivas to 360 months in prison.

Olivas appeals arguing the evidence was insufficient to convict him. Viewing the evidence in the light most favorable to government, we conclude a reasonable jury could have found Olivas guilty beyond a reasonable doubt. United States v. Galaviz-Luna, No. 04-1156, 2005 WL 1812806, at *2 (8th Cir. Aug. 3, 2005). Contrary to Olivas's assertion, the government presented sufficient evidence to prove he knowingly and voluntarily entered into and participated in a conspiracy to distribute methamphetamine. Several cooperating witnesses testified they received pound quantities of methamphetamine either directly from Olivas or under circumstances strongly suggesting he was the supplier, and then resold it to others. See id. Olivas attacks the witnesses' credibility and cites their motive to cooperate. Issues of witness credibility and motive are for a jury to decide, however. Id.

Olivas also challenges his sentence asserting the district court committed error in calculating drug quantity and finding Olivas obstructed justice. According to Olivas, he had a Sixth Amendment right to a jury determination of these issues under Blakely and Booker. In Booker, the Supreme Court held the Sentencing Guidelines ran afoul of the Sixth Amendment in requiring judges, based on judge-found facts,

---

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

-2-

to impose more severe sentences than could have been imposed based solely on facts found by the jury or admitted by the defendant. 125 S. Ct. at 749-50, 756. To cure the Sixth Amendment problem, the Court declared the Guidelines "effectively advisory," but directed district courts to consult the Guidelines when sentencing. Id. at 757, 767. There is no Booker error if the district court calculates the proper Guidelines sentencing range, treats the Guidelines as advisory, and imposes a reasonable sentence. United States v. Pirani, 406 F.3d 543, 551 (8th Cir. 2005) (en banc). After Booker, we continue to review a district court's application of the Guidelines de novo and its factual findings for clear error. United States v. Salter, No. 04-3137, 2005 WL 1875709, at *1 (8th Cir. Aug. 10, 2005).

In this case, the district court's findings raise no Sixth Amendment problem because the district court treated the Guidelines as advisory rather than mandatory. Contrary to Olivas's assertion, the findings are not clearly erroneous. Taken as a whole, the testimony at trial established Olivas distributed more than fifteen kilograms of methamphetamine. Jose Chavarria testified he obtained one to two pound quantities of methamphetamine from Olivas 10-15 times (for a maximum total of 30 pounds or 13.63 kilograms). On redirect, he admitted he told officers he had obtained methamphetamine from Olivas 25-30 times (for a maximum total of 60 pounds or 27.27 kilograms), and he testified to the lower amount because he wanted to be conservative. Jason Salava testified he was with Chavarria when he picked up a pound of methamphetamine from Olivas seven to eleven times. Maria Garza testified she obtained a pound of methamphetamine from Nicholas Cruz on three occasions (for a total of three pounds or 1.3636 kilograms) after seeing him jump into Olivas's vehicle with Olivas inside and then exit with the drugs. Likewise, Hugo Flores testified he obtained pound quantities of methamphetamine from Cruz. Flores testified he worked at a welding company with Olivas and Cruz, and when Cruz did not have any methamphetamine for Flores, he would get into Olivas's vehicle with Olivas then return with methamphetamine. Thus, the testimony of Chavarria, Garza, and Flores established Olivas distributed more than fifteen kilograms of

methamphetamine, and the district court did not double count the quantities testified about by Chavarria and Salava.

Further, the district court did not commit clear error in finding Olivas obstructed justice. The obstruction enhancement applies when a defendant directly or indirectly threatens, intimidates, or otherwise unlawfully influences a witness. U.S.S.G. § 3C1.1; United States v. Carillo, 380 F.3d 411, 414 (8th Cir. 2004). The district court noted Kevin Glaser, who had been incarcerated with Olivas before trial, testified Olivas had told him Nicholas Cruz would not testify because someone had gotten to him and threatened harm to his family. The court observed that at trial, Cruz could not recall any of the information he had previously supplied to police.

Last, Olivas contends his sentence is unreasonable. Because the district court correctly applied the Guidelines in deciding Olivas's sentencing range and properly considered the sentencing factors in 18 U.S.C. § 3553(a), we conclude his sentence is reasonable. See United States v. Hadash, 408 F.3d 1080, 1082 (8th Cir. 2005).

Accordingly, we affirm Olivas's conviction and sentence.

_____