# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3268

_____

United States of America,

Appellee,

v.

Lincoln Cardell Henderson,

Appellant.

\* 
\* 
\* 
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri
\* 
\* [UNPUBLISHED]
\* 

_____

Submitted: December 21, 2005
Filed: January 9, 2006

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Lincoln Henderson appeals from a final judgment entered in the District Court[1] for the Western District of Missouri upon a jury verdict finding him guilty of conspiracy to distribute 50 grams or more of cocaine base and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Henderson was sentenced to two concurrent terms of life imprisonment. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

evidence to support Henderson's drug convictions. For the reasons stated below, we affirm.

This court reviews the sufficiency of the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences that support the jury's verdict. See United States v. Ramirez, 350 F.3d 780, 783 (8th Cir. 2003). We hold that the evidence was sufficient to support Henderson's convictions. Regarding the count for possession with intent to distribute, the evidence sufficiently established that, on October 29, 2003, Henderson possessed a plastic bag containing a beige rock-like substance which tested positive for cocaine base and weighed over 50 grams. Henderson's intent to distribute the substance was sufficiently established in light of the testimony of cooperating witnesses regarding his extensive drug-dealing activities, the drug quantity, and the cash recovered from him at the time of his arrest. See United States v. Brett, 872 F.2d 1365, 1370 (8th Cir.) (intent to distribute may be inferred from circumstantial evidence such as quantity of drugs and large amount of cash), cert. denied, 493 U.S. 932 (1989). The cooperating witnesses' testimony also amply supported Henderson's conviction on the conspiracy count. See United States v. Galaviz-Luna, 416 F.3d 796, 799 (8th Cir.) (evidence including cooperating witnesses' testimony regarding defendant's drug-dealing activities held sufficient to support drug conspiracy conviction), cert. denied, 2005 WL 3272276 (U.S. Dec. 5, 2005) (No. 05-7396).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, grant counsel's motion to withdraw, and deny Henderson's motions for appointment of new counsel.

_____