# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3836

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Daniel Jordan De La Pena-Arcadia, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 23, 2007
Filed: November 28, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel Jordan de la Pena-Arcadia challenges the 97-month prison sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. De la Pena-Arcadia's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that de la Pena-Arcadia contends he did not knowingly, intelligently, or voluntarily plead guilty because he was not properly advised due to the ineffective assistance of counsel, and suggesting de la

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Pena-Arcadia should be appointed alternative counsel to avoid the appearance of a conflict of interest.

De la Pena-Arcadia's involuntary-plea claim is not cognizable in this direct criminal appeal because he did not move in the district court to withdraw his guilty plea, see United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990), and he must pursue any ineffective-assistance claims in a proceeding under 28 U.S.C. § 2255, see United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We conclude that de la Pena-Arcadia's sentence, which was at the bottom of the properly calculated advisory Guidelines range, is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007). Accordingly, we affirm, and we grant counsel's motion to withdraw. In light of our conclusion that there are no meritorious issues for appeal, we decline to appoint new counsel.

_____