# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3861

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　District of Nebraska.
Shonna Lynn Jordan,　　　　　　　*
　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　Appellant.　　　　*

_____

Submitted:  December 28, 2007
Filed: January 7, 2008

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Shonna Lynn Jordan challenges the 235-month prison sentence the district court[1] imposed after she pleaded guilty to conspiring to distribute and possess with intent to distribute at least 500 grams of a methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. Jordan's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in handling Jordan's case. In a pro se supplemental brief, Jordan indicates that her counsel was ineffective and challenges

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

the drug quantity attributed to her. She has also moved for appointment of new counsel.

Ineffective-assistance claims are more properly brought in a proceeding under 28 U.S.C. § 2255, see United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004), and Jordan cannot now contest drug quantity because she stipulated to it in her plea agreement, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). We also conclude that Jordan's sentence, which was at the bottom of the advisory Guidelines range, is not unreasonable. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007). The district court expressly considered relevant factors under 18 U.S.C. § 3553(a), and nothing in the record suggests that the court misapplied those factors, see Harris, 493 F.3d at 932-33. We also find no basis to conclude that the district court mishandled Jordan's case.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, we grant counsel's motion to withdraw, and we decline to appoint new counsel.

_____