# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2178

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Bennie Billups, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 14, 2008
Filed: February 4, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Bennie Billups seeks to appeal the 70-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Billups's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the sentence is unreasonable, but acknowledging that Billups's plea agreement contained an appeal waiver. In a pro se supplemental brief, Billups indicates that his counsel was

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

ineffective, and asserts that he has no recollection of signing an appeal waiver. He has also moved to proceed pro se on appeal.

We note that ineffective-assistance claims are more properly brought in proceedings under 28 U.S.C. § 2255. See United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004). Despite Billups's assertion, we conclude upon reviewing the record that he knowingly and voluntarily entered into his plea agreement and appeal waiver; and we further conclude that this appeal falls within the scope of the broad appeal waiver, and that enforcing the waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (conditions for enforcing appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the waiver. Therefore, we enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw, contingent on counsel satisfying his obligations under Part V of this court's plan to implement the Criminal Justice Act. We deny Billups's motion as moot.

_____