# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2582

_____

United States of America,              *
*
         Appellee,          *
*   Appeal from the United States
     v.               *   District Court for the Northern
*   District of Iowa.
Willie Perkins, also known as    *
Uncle Boo,               *   [UNPUBLISHED]
*
         Appellant.        *

_____

Submitted: April 23, 2008
Filed: May 15, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Acknowledging that he was subject to the career-offender sentencing guideline, see U.S.S.G. § 4B1.1, Willie Perkins pleaded guilty to distributing cocaine base after having previously been convicted of one or more felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 851. The district court[1] granted a 15% substantial-assistance reduction pursuant to the government's motion, see 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, calculated an advisory guidelines imprisonment range

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

of 223-278 months, and sentenced Perkins to 223 months in prison and 8 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Perkins's criminal history was overstated because of the career-offender enhancement, making the sentence unreasonable. In his pro se supplemental brief, Perkins argues that his plea was not intelligent because he did not understand the career-offender enhancement, and that his counsel was ineffective.

Perkins may not challenge his guilty plea in this direct appeal because he did not move in the district court to withdraw his guilty plea. See United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006), cert. denied, 127 S. Ct. 989 (2007). Any ineffective-assistance claims should be raised in collateral proceedings. See United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004).

We conclude that Perkins's sentence, which was within the advisory guidelines range, is not unreasonable. We presume that a sentence within the advisory guideline range is reasonable, see United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007) (court of appeals accords sentence within advisory Guidelines range presumption of reasonableness), cert. denied, 128 S. Ct. 1263 (2008). The record demonstrates that the court considered Perkins's history and characteristics, and specifically discussed the nature and circumstances of his career-offender predicate offenses. Nothing in the record suggests that the court misapplied the 18 U.S.C. § 3553(a) factors. See Harris, 493 F.3d at 932.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm. We grant counsel leave to withdraw, subject to the conditions that counsel promptly comply with the requirements of Part V of this Court's Plan to Implement the Criminal Justice Act by advising Perkins of the procedures for filing a petition for writ of certiorari pro se, and

that counsel also advise Perkins of the procedures for filing a petition for rehearing pro se.

_____