United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 07-3608

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States District
　　　v.　　　　　　　　　　　　*　Court for the Eastern District of
　　　　　　　　　　　　　　　　*　Arkansas, Western Division
Steve Anthony Ault,　　　　　　　*
　　　　　　　　　　　　　　　　*　　　　　[PUBLISHED]
　　　　　　　　Appellant.　　　　*

_____

Submitted: June 11, 2008
Filed: September 5, 2008

_____

Before SMITH and GRUENDER, Circuit Judges, and ROSENBAUM, District Judge.[1]

_____

PER CURIAM.

　　　Steve Anthony Ault appeals the sentence imposed by the district court. We affirm.

_____

　　　[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

## I. Background

After an initial sentence, appeal, and remand, the district court[2] sentenced defendant to 51 months' imprisonment for possession of a sawed-off shotgun. The sentence was based in part on defendant's criminal history category of VI, including a four point criminal history enhancement for several state misdemeanor convictions.

Defendant argued against counting the misdemeanors because he had not been represented by counsel. In two of these misdemeanors, he was sentenced to dollar fines without imprisonment (paragraphs 23 and 24 of the Presentence Report). In the other two (paragraphs 26 and 27), defendant waived counsel. In the latter cases, defendant neglected to pay the assessed fines, resulting in incarceration.

The district court overruled defendant's objection and included the convictions in his criminal history. Defendant appeals, again claiming his uncounseled misdemeanors should not count toward his criminal history.

## II. Analysis

This Court employs a de novo standard of review when considering challenged criminal history sentencing enhancements. See United States v. Cook, 356 F.3d 913, 916 (8th Cir. 2004).

Defendant claims that including the uncounseled misdemeanors in his criminal history violates the Sixth Amendment. Under the Sixth Amendment, the government

---

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas. The Honorable George Howard originally sentenced defendant to the imprisonment term of 51 months, but passed away before the case was remanded. After remand, the case was reassigned to Judge Wright.

must provide counsel for a defendant whose offense leads to actual jail time. <u>See</u> <u>Scott v. Illinois</u>, 440 U.S. 367, 374 (1979); <u>Alabama v. Shelton</u>, 535 U.S. 654, 662 (2002). This is sometimes called the "actual imprisonment" rule. <u>See</u> <u>Shelton</u>, <u>id.</u> The rule is unavailing here.

In this case, the parties agree defendant pleaded guilty to four state misdemeanors without benefit of counsel. In each case, he was ordered to pay a fine. He was never imprisoned in two of the cases, barring application of the "actual imprisonment" rule. <u>Scott</u>, <u>id.</u> The first two non-imprisonment cases are properly included in defendant's criminal history.

For the other two cases, defendant's own actions led to his incarceration - he did not pay the fine. In these cases, defendant's "actual imprisonment" argument might appear stronger. But appearances are deceiving, because defendant was not deprived of counsel - he waived it. Just as one who waives a jury trial and proceeds by plea is not deprived of his Sixth Amendment right to a jury trial, so is one entitled to counsel able to waive a lawyer's services with no constitutional injury. The defendant's waiver eliminated any Sixth Amendment violation. Certainly, the defendant spent time in jail, but this arose from his own failure to pay the fines. Ultimately, the simple fact of non-payment cannot allow a defendant to erase a properly counted criminal act from his criminal history.

Defendant, next, suggests he is entitled to resentencing in light of the Supreme Court's recent decisions in <u>Gall v. United States</u>, 128 S.Ct. 586 (2007) and <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007). He is mistaken. Both cases simply emphasized the sentencing court's discretion to impose a reasonable sentence. Any suggestion that the district court did not understand the extent of its discretion is without support in the record. The district court properly exercised its discretion.

## III. Conclusion

The district court properly calculated defendant's criminal history and imposed a reasonable sentence, as to which we find no flaw. We affirm.

———————————————