# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1680

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Robert Cyril Davisson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 28, 2010
Filed: February 4, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert Cyril Davisson (Davisson) was charged with manufacturing and distributing marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(a)(B); and with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). His counsel moved to suppress all evidence obtained from a search of Davisson's home, and requested a hearing under Franks v. Delaware, 438 U.S. 154 (1978). After the district court[1] denied the motions, Davisson unconditionally pled guilty to both charges. The court sentenced Davisson (who was then represented by

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

different counsel) to 120 months in prison, the statutory minimum. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Davisson's original counsel was ineffective in allowing Davisson to plead guilty without preserving the suppression issue for appeal.

Claims of ineffective assistance of counsel are usually best litigated in 28 U.S.C. § 2255 proceedings, see United States v. Ramirez-Hernandez, 449 F.3d 824, 826-827 (8th Cir. 2006), and may be considered on direct appeal only in exceptional circumstances, see United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004) (declaring ineffective-assistance claims are properly addressed on direct appeal only where the record has been fully developed, a plain miscarriage of justice would otherwise result, or trial counsel's ineffectiveness is readily apparent). We find no exceptional circumstances in this case, and we decline to address Davisson's ineffective-assistance claim on direct appeal.

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue. We grant counsel's motion to withdraw, and we affirm the judgment.

_____