# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2566
_____

United States of America

*Plaintiff - Appellee*

v.

Melissa Ilene Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 8, 2014
Filed: December 31, 2014
[Unpublished]

_____

Before LOKEN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Melissa Williams pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1342. The district court[1] sentenced her to forty-one months of imprisonment

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

and ordered her to pay $175,147.32 in restitution. Arguing only that her trial counsel rendered ineffective assistance during the plea negotiations and the sentencing hearing, Williams appeals. Because ineffective-assistance-of-counsel claims are more appropriately raised in a motion brought under 28 U.S.C. § 2255 after development of a full record, we decline to address the claims in this direct appeal.

Williams was a licensed insurance agent. Between July 2011 and January 2012, she submitted fraudulent life insurance policy applications to two insurance companies by forging the signatures of over fifty family members and friends on the policy applications. After the fraudulent applications were approved and unbeknownst to her family members and friends, Williams paid the premiums on the policies in order to collect over $120,000 in advance commissions.

Extensive plea negotiations between trial counsel and the government occurred before Williams was even charged and resulted in the government agreeing not to seek any money laundering or identity-theft-related criminal charges against Williams. This agreement included a decision not to seek any potential counts of aggravated identity theft under 18 U.S.C. § 1028A, which would have required mandatory consecutive sentences of twenty-four months in addition to any other sentence Williams received. For her part, Williams and her trial counsel agreed the total amount of loss was over $120,000, triggering a ten-level increase in Williams's base offense level under United States Sentencing Guidelines Manual (U.S.S.G.) § 2B1.1(b)(1)(F). They also agreed the offense involved ten or more victims, triggering a two-level upward adjustment under U.S.S.G. § 2B1.1(b)(2). Finally, Williams agreed to pay restitution to the two insurance companies in the total amount of advance commissions she had received, without receiving a reduction or credit for the approximately $62,000 in premiums she had paid to obtain the advance commissions.

At the sentencing hearing, the district court adopted the presentence investigation report's (PSR) recommendation to apply another two-level upward adjustment under U.S.S.G. § 2B1.1(b)(11)(C)(i) for the unauthorized use of a means of identification (the forged signatures) to obtain another means of identification (the insurance policies themselves). Trial counsel did not object. The resulting advisory guidelines range was 33-41 months. The district court then imposed a sentence of forty-one months.

Williams filed a timely appeal. On appeal, she claims the amount of loss involved in her offense should have been reduced by the premiums she paid to obtain the advance commissions, and thus her trial counsel should not have agreed to a loss amount of more than $120,000. She also argues the two insurance companies were the only victims because none of her family members or friends suffered a pecuniary loss, and thus her trial counsel should not have agreed the offense involved ten or more victims. Williams further argues the fraudulent life insurance policies were not a means of identification, and thus her trial counsel should have objected to the two-level increase under U.S.S.G. § 2B1.1(b)(11)(C)(i) for using one means of identification to obtain another means of identification. Finally, Williams contends her trial counsel should have objected to the amount of restitution because it exceeded the loss the two insurance companies suffered after taking into account the premiums Williams had paid.

We do not typically address ineffective-assistance-of-counsel claims on direct appeal. United States v. Cook, 356 F.3d 913, 919 (8th Cir. 2004). "We have repeatedly held that claims of ineffective assistance of counsel are generally best litigated in collateral proceedings, such as an action under 28 U.S.C. § 2255." United States v. Schwarte, 645 F.3d 1022, 1034 (8th Cir. 2011). "We will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where

counsel's error is readily apparent." <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 827 (8th Cir. 2006) (citations omitted).

The record has not been developed on the relationship between the extensive plea negotiations involved in this case and the issues now raised on appeal. In addition, trial counsel's alleged ineffectiveness is not readily apparent from the record before us, and we do not believe a plain miscarriage of justice will occur if we do not act on the ineffective-assistance claims on direct appeal. Accordingly, we decline to consider Williams's claims at this time. We therefore affirm the judgment of the district court.

_____