# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2760

_____

United States of America

*Plaintiff - Appellee*

v.

Demitrius Alston

*Defendant - Appellant*

_____

No. 24-2761

_____

United States of America

*Plaintiff - Appellee*

v.

Demitrius Alston

*Defendant - Appellant*

_____

No. 24-2762

_____

United States of America

*Plaintiff - Appellee*

v.

Demitrius Alston

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: December 15, 2025
Filed: February 9, 2026
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

For his involvement in multiple bank robberies in Nebraska and other states, Demitrius Alston pleaded guilty to conspiracy to commit interference with interstate commerce by way of robbery, *see* 18 U.S.C. § 1951(a), attempted bank robbery, and bank robbery, *see* 18 U.S.C. § 2113(a).[1]  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), his plea agreement for these offenses required a sentencing range of 188-260 months' imprisonment, which was above the guidelines range of 151-188 months. The district court[2] accepted the agreement and sentenced Alston to 235 months' imprisonment.

_____

[1]Alston was charged in three separate cases: two in the District of Nebraska and one in the Eastern District of North Carolina.  These cases were consolidated under Fed. R. Crim. P. 20, and the parties agreed to a global plea agreement.

[2]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

On appeal, Alston argues for the first time that he received ineffective assistance of counsel concerning his plea agreement. "Generally, ineffective assistance of counsel claims are better left for post-conviction proceedings." *United States v. Cook*, 356 F.3d 913, 919 (8th Cir. 2004). Such claims are proper on direct appeal only in "exceptional cases" where "the record has been fully developed," to "avoid a plain miscarriage of justice," or "when trial counsel's ineffectiveness is readily apparent or obviously deficient." *Id.* at 919-20. Alston concedes the record is not fully developed and never argues that a plain miscarriage of justice would occur if we refuse to take up his appeal. Instead, he argues his counsel's ineffectiveness is readily apparent because requesting or bargaining for a sentence above the guidelines is so obviously prejudicial to a criminal defendant that it could never be the product of objectively reasonable professional performance. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).

We disagree. As part of the plea, the Government agreed that it would dismiss a firearm charge stemming from one of the robberies and that the sentences for the remaining charges would run concurrently to each other. Absent these stipulations, the sum of consecutive sentences might have exceeded the range required by the agreement. The Government argues that counsel provided objectively reasonable professional assistance by bargaining to avoid this outcome. The Government's argument is at least plausible. On this undeveloped record, it is not readily apparent that counsel's performance in connection with the agreement constituted objectively unreasonable performance as counsel. *See Strickland*, 466 U.S. at 689. Nor can we determine if there is a reasonable probability Alston would have exercised his right to trial absent his counsel's ineffectiveness. *See Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (requiring defendant to show a reasonable probability he would have gone to trial to succeed on an ineffective assistance of counsel claim in connection with a guilty plea).

Alston remains free to challenge his sentence through a 28 U.S.C. § 2255 motion, where an evidentiary hearing would permit him to develop the record. *See United States v. Quiver*, 925 F.3d 377, 380 (2019) (holding that no plain miscarriage

-3-

of justice would result from refusing to consider ineffective assistance of counsel claim where claim could still be brought in a § 2255 motion).

     For the foregoing reasons, we dismiss the appeal.

                _____