# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 07-2871

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Ignacio Carlos Flores-Figueroa, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

————————

Submitted: April 15, 2008
Filed: April 23, 2008

————————

Before GRUENDER, BALDOCK[1] and BENTON, Circuit Judges.

————————

PER CURIAM.

Ignacio Flores-Figueroa appeals his conviction for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), arguing that the Government must prove that he knew that the means of identification he possessed belonged to another person. Based on our precedent, we reject his argument and affirm his conviction.

---

[1]The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

In connection with his employment at L & M Steel Services, Inc., Flores, an illegal alien, used a fraudulent alien registration number and a fraudulent Social Security number. Both numbers belonged to other individuals. Flores pled guilty to two counts of misuse of immigration documents in violation of 18 U.S.C. § 1546(a), and one count of entry without inspection under 8 U.S.C. § 1325(a). He pled not guilty to two counts of aggravated identity theft. At his bench trial, Flores argued that he could not be convicted because the Government did not prove that he knew that the identification he possessed belonged to other people, which he claims is required to convict him under 18 U.S.C. § 1028A(a)(1). After rejecting this argument and finding him guilty of two counts of aggravated identity theft, the district court[2] sentenced Flores to 51 months' imprisonment for the misuse of immigration documents and entry without inspection offenses and a consecutive 24 months' imprisonment for the aggravated identity theft offenses, resulting in a total sentence of 75 months' imprisonment.

On appeal, Flores renews his argument that 18 U.S.C. § 1028A(a)(1) requires the Government to prove that a defendant knew that the means of identification belonged to another person. Section 1028A(a)(1) states that "[w]hoever, during and in relation to any felony violation enumerated in [§ 1028A(c)] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." The Government argues that "knowingly" modifies only "transfers, possesses, or uses," whereas Flores argues that "knowingly" modifies not only "transfers, possesses, or uses," but also the phrase "of another person," which would require the Government to prove that a defendant knew the means of identification belonged to another person.

---

[2]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

In *United States v. Mendoza-Gonzalez*, --- F.3d ---, 2008 WL 819161, at *2-3 (8th Cir. Mar. 28, 2008), we resolved this issue and determined that under the plain language of the statute, "knowingly" modified only the verbs "transfers, possesses, or uses," and not the phrase "of another person." Therefore, the Government need not prove that Flores knew that the means of identification belonged to another person. Flores does not challenge the sufficiency of the Government's evidence that the means identification he possessed belonged to another person. Accordingly, we affirm Flores's conviction.

_____