# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No.  08-1594

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff – Appellee, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    Southern District of Iowa. |
| Prince Samuel Anim, formerly known | * |
| as Nana Yaw Yirenkyi, | *    [UNPUBLISHED] |
| | * |
| Defendant – Appellant. | * |

———————

Submitted:  October 13, 2008
Filed:  November 7, 2008

———————

Before LOKEN, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

———————

PER CURIAM.

Prince Samuel Anim was convicted by a jury[1] of possession and use of an altered visa, 18 U.S.C. § 1546(a); false use of a social security number, 42 U.S.C. § 408(a)(7)(a); fraud in the naturalization process, 18 U.S.C. § 1425(b); and aggravated identity theft, id. § 1028A(a)(1).  Anim appeals, contending that there was insufficient

———

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa, presiding.

evidence to sustain his convictions and that his trial counsel was constitutionally ineffective in failing to object to two government exhibits on Sixth Amendment confrontation grounds. We affirm.

Anim entered the United States in May 2000 by presenting a Ghanaian passport and an altered visa, both bearing the name Nana Yaw Yirenkyi. Anim later used the visa to obtain a social security number, and with the social security number he obtained an Iowa driver license. Anim married Marilyn Reynolds, an American citizen, in December 2000 and applied for naturalization in July 2005. He changed his legal name to Prince Samuel Anim when he was naturalized on March 17, 2006. Anim's wife later became suspicious of her husband's identity after seeing the photo on his visa. She sent a copy of the visa to the Iowa Department of Transportation, and she again voiced her suspicions to Iowa officials when Anim went to apply for a driver license under his new name on April 24, 2006. An investigator requested that Anim produce and surrender his passport and visa. Since Anim had left the documents at home, officials accompanied him to his residence where he turned them over.

A grand jury returned an eight count indictment, and Anim was convicted on all counts after a two day jury trial. Before sentencing, the government moved to dismiss one of two counts of conviction for possession and use of an altered visa. Anim appeals his conviction. Anim claims that the evidence was insufficient to sustain his conviction on any of the charges. We review the sufficiency of the evidence to sustain a conviction de novo, viewing the record in the light most favorable to the verdict. We will reverse only when "no reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Spears, 454 F.3d 830, 831 (8th Cir. 2006).

Anim contends that the evidence was insufficient to convict him of aggravated identity theft under 18 U.S.C. § 1028A(1)(a) because the government did not show

that Anim knew Yirenkyi was a real person or that Yirenkyi was still living at the time of Anim's offense. We have held that the government need not prove such knowledge in order to obtain a conviction. See United States v. Flores-Figueroa, No. 07-2871 (8th Cir. Apr. 23, 2008), cert. granted, 77 U.S.L.W. 3059 (U.S. Oct. 20, 2008) (No. 08-108); cf. United States v. Kowal, 527 F.3d 741, 746 (8th Cir. 2008) (§ 1028A(a)(1) does not require the person whose identity was allegedly stolen to be living).

Anim contends that his convictions on four counts of false use of a social security number and one count of fraud in the naturalization process cannot be sustained because the government did not show that defendant made false representations or used a visa containing false information. Anim claims that the evidence is "tied" as to whether he is the real Nana Yaw Yirenkyi, but he cites no evidence in the record showing that he is actually Yirenkyi and does not dispute the government's evidence that a Nana Yaw Yirenkyi residing in Ghana reported his passport stolen.

Anim challenges his conviction under 18 U.S.C. § 1546(a) by arguing that no evidence was presented that he actually "used" the allegedly false visa. Count 6 of the superceding indictment alleges that Anim used the visa to prove his identity to the Iowa Department of Transportation investigator on April 24, 2006. Anim argues that he was not "using" the visa when he presented and surrendered it to the Iowa official. Whether this constitutes "use" under the statute is immaterial because one can violate § 1546(a) by simply possessing the altered document. The statute applies to "[w]hoever knowingly . . . uses, attempts to use, *possesses*, obtains, accepts, or receives any [altered] visa . . . knowing it to be forged." (emphasis added). Anim does not contend that there was insufficient evidence of his possession.

Anim also contends that he was denied effective assistance of counsel because his trial attorney did not object on confrontation grounds to the admission of two government exhibits showing that a passport under the name Yirenkyi had been

reported stolen in 2000.  At this point, Anim has not demonstrated that these exhibits violated his Sixth Amendment rights, see Crawford v. Washington, 541 U.S. 36 (2004), and ineffective assistance of counsel claims should be raised in a postconviction motion under 28 U.S.C. § 2255.  United States v. Davis, 406 F.3d 505, 510–11 (8th Cir. 2005).  We make an exception to this rule only in the rare circumstance where the record has been fully developed, counsel's ineffectiveness is readily apparent, or delay would lead to a plain miscarriage of justice.  United States v. Cook, 356 F.3d 913, 919–20 (8th Cir. 2004).  This case does not present any such circumstance.

We conclude that the evidence was sufficient to support Anim's conviction on all counts and decline to reach his ineffective assistance of counsel claim. Accordingly, we affirm the judgment.

_____